Mr. Justice Colcock
delivered the opinion of the Court.
It is stated, that the Presiding Judge instructed the Jury, that they were at liberty to give “ smart-money” in estimating the damages. In the action of trover, the correct measure of damages is the value of the property, and interest thereon; or if the action be for the conversion of negroes, the value of their labour, in addition to the value of the negroes. It is impossible to determine, by what rule the Jury have been governed; but from the amount of the verdict, it is highly probable, that they were influenced by the charge of the Presiding Judge ; and I therefore think the defendant entitled to a new trial on this ground. It is further stated by the Presiding Judge, that he charged the Jury, that the declarations of the father, at the time he sent the negroes to the plaintiff, should have no weight in their determination; because the plaintiff was not present: and that they should not regard the declarations of the plaintiff"; because he might have been ignorant of his right. As the case turned on the question, whether •'his was a gift or a loan, these circumstances were envied to consideration, and were strictly within the rules of *223 law. I do not determine on their effect, but if tbe Jury had not been directed to lay them out of view, it is probable that they may have led to a different result. lam therefore of opinion, that the defendant is entitled to a new-trial on this ground also.
Crenshaw, for che motion.
O’Neal, contra.
The motion is granted. — (b.J
Justices Grhnke, and Johnson, concurred.
Justices Nott and Cheves dissented.

 Kidd vs. Mitchell, post, Willson & Gibbs vs. Conine, 2 John. Rep. 282, and seo Note fb.J

 Hatton vs. Banks.
Air. Justice JVo tt :
“ Damages for the detention, may be given, according to the nature of the thing converted or detained; as for instance, for the use of money, the interest may be made the measure of damages, or the value of their labour, in the case of negroes. Buford vs. Fannen, 1 Bay 270. Sometimes the increased value may be added, as was decided in the case of Kidd & Mitchell, in this Court, f post.J The defendant is not to be benefited by his own wrong. Neither can the rights of tlie plaintiff be affected by the death or destruction of die property, after demand and refusal.”
“ I would nevertheless observe, that it is, at least, questionable, in my mind, whether these pretended loans ought not always, to be construed into absolute gifts, whatever parol condition may be annexed to them.”
Justices Coico do, Johnson, Richardson and Gantt, concurred.
Mr. Justice Huger, absent, on account of sickness.
N. B. This case came up on an appeal from the new trial granted in the above case, and was tried, May 1820, Columbia.
Brashears vs. Blassingame.
In this case the plaintiff claimed in right of his wife, by virtue of a gift to her by her father..
The defendant, who was brother to plaintiff’s wife, claimed under his father’s will.
The evidence of the gift was the repeated declarations of the father both before and after the marriage, that lie had given them to her; and at one time, when the negroes were seen at woijk, for the daughter at *224 her father's house, he said to the witnesses, that he had given them up to her. When they were about to leave her father’s house to go to housekeeping, he made a formal delivery of the negroes, together with household and kitchen, furniture, to the daughter and her husband, until he should call for them..
Evidence was given, that the father was a very fickle and capricious hian, that he liad been in the habit of giving property to his other children and talcing it back at his pleasure, or as he was pleased or displeased with them.
Mr. Justice JVott, who delivered the opinion of the Court, said, “ no inference, unfavorable to the plaintiff’s claim, can be drawn from the capriciousness and versatility of the father’s character; for so far as regarded these negroes, he had been uniform in his declarations. He had never given them to other pprsons, nor manifested any intention to do so, until he gave them, by will, to defendant. But even if he had,, having once disposed of them, they were beyond his control. If he had done injustice to others of his children, by taking from them property which he had given them, it did not authorize him to do so to this one also. Neither was the plaintiff bound to yield to his capricious humors, because others had. Parents are not to be indulged in wantonly sporting' with the interest and feelings of their children, moiv • ‘ban they are with those of other persons.
It was contended, that there was no evidence of a delivery of the property. That a delivery is necessary to perfect a parol gift of a chattel, is distinctly admitted; without it there is no gift. When, therefore, the old man said he had given the property to his daughter, he must be nudei stood to have done it with all the solemnities necessary to constitute a gift, and the subsequent possession, with his consent, was sufficient evidence of delivery.” As to the condition annexed to the delivery of the property at the time they went to house-lcecpiag, it would bo sufficient to remark, that if it had been unconditionally given before, *t was not in the power of the donor to annex any qualifications at that lime. And although il is not necessary, after the observations made bn the other parts of the testimony, to dwell upon this, yet, I would observe, that it is somewhat difficult to reconcile such a disposition of property with the idea of a loan. Not only the negroes, but every arti cle of furniture necessary for'housc-keeping' was given or lent upon the same terms and conditions. The purposes for which many of the articles were given, and the uses to which they must have been applied, wore inconsistent with the nature of a loan. I believe, Sir William Jones, with all his learning, would have found it difficult to determine under which species of bailment such a loan should be classed. It is not to be believed, that the parent intended to reclaim the bed upon which they sVpt, or to demand payment for every plate or cup that might be broken. Tf a gift of properly to a son or daughter, on their marriage, (which may be Iff orally considered in consideration, of ~r w- *225 ,;iage,) to be taken back, at any indefinite period of time, at tbe capricious and arbitrary will of a parent, can in any case be viewed as a loan, I certainly think it a kind Of loan not much to be encouraged.”
The verdict, which was for the defendant, was set aside, and a new' trial granted to the plaintiff.
Justices Grimke, Colcock, Cheves and Gantt, concurring.
M’KibUn, for the motion.
Thompson^ contra.
Davis, et ux. vs. The Executors of Davis.
This' was a motion to set aside a non-suit. It was a case of trover for certain negro slaves, tried before Mr. Justice Trezevant, in Marion district, April, 1804.
It appeared from the report of the Presiding Judge, that the defendant’s testator had signified at different times, that he intended to give the negroes in question to his daughter, the plaintiff, Davis; and that there was evidence given' that one of the negroes, when a child, being in the arms of the testator’s said daughter, her mother observed, that her daughter ought to have those negroes, (speaking of the negroes in question, to certain persons present) and went on further to mention,’ that her father had given them to his daughter. The father being present, answered it was already done, he had already, given them to his daughter. There was some evidence that the testator intended, or had í'eserved a life estate of the negroes to himself. But there was no proof of an actual gift accompanying delivery, and for this deficiency of proof the Judge ordered a . ■■ ¡1»
Falconer, for the plaintiffs, insist d 1. '¡cr.cc was proper to f>e left to the Jury in support of the plaintiff's right of action, as evidence of property in them; and that tbe Judge had mistaken the law on the subject; for although a parol gift, without some act of delivery, is not good, yet, here the Jury might fairly presume that there was some act of delivery, and the conversation relative to the gift, at a time when one of the negroes was in the arms of the donee, might be construed into a sufficient act of deliver', ■ '1 Str. 9.55. Esp. Dig. 566.
Wilds, contra, argued, ...would be indulging too great a latitude of construction, and pro . -ring toó much, to allow such evidence to have weight in proof of a title by gift from a deceased parent or friend, and that it would be wiser and safer to restrain the proof in such cases, to some- ceiTihi act of delivery ; and that, at best, no clear inference could be drawn from the evidence given, whether the testator intended an absolute gift, or only a gift of the property after his death, and if ¡be latter, the gift was not complete, and could not be effectuated bji delivery. And that it would be an idle waste of time to r.uffer suchjBufficient evidence to go to the Jury.
*226 Per Curiam — Parol gifts to a child are common, and' it has not beetf usual to evidence such gifts by any solemn act of delivery. The for* mal ceremony of a delivery is not essentially necessary. It is sufficient if it appear that the donor intended an actual gift at the time, and' evidenced such intention by some act, which may fairly be construed into a delivery; as in the case cited from Strange, where the donee was put into possession, by being intrusted with a key, &c. In the principal case, there was evidence given, which was proper for the Jury to consider as evidence of an actual delivery. The donor acknowledged he had given the negroes to his daughter, when questioned on the subject, and at a time when she had one of them in her arms. This was in itself, evidence of a delivery or surrender of his right to his daughter, and accompanied with other circumstances, might be deemed, a sufficient proof of a prior delivery of all the negroes in dispute. Let the non-suit be set aside, and a new trial granted. — f (c.)
Present, Justices Grimhe, Waties, Johnson, Brevard and Treievant.
The last case was taken from a MS. collection, belonging to Abraham Blanding, Esquire, and appears to have been transcribed from JudgeBrevard’S Notes.
(c.) Grangiac vs. Arden, 10 Johnson’s Reports 293. R.